[*Special Term, January,* 1872.]

## STEWART *v.* RANDOLPH.

If an "admonition" was given, under section 269 of the code, to a jury on its first separation, the failure to repeat such admonition on each subsequent separation, when not demanded by either party to the suit, is not a good ground for a new trial.

*J. H. & C. Bates,* for plaintiff.

*Teetor & Cole,* for defendant.

MOTION for new trial.

WALKER, J.    The first ground for this motion is that the court failed to give the caution to the jury on separating required by section 269 of the code.

The remembrance of the court is that this caution was given the first time the jury separated in this case, though it was not repeated each time.

The jury, however, was the regular jury, without change, which had been on duty for three weeks, and had had the caution given to them repeatedly.

The court is of opinion that the caution need not be repeated each time, but that, at any rate, if counsel desire it given, attention must be called to it at the time, and the objection made then.    A party can not be permitted to stand by without objection or request to the court, to see whether a verdict suits him or not, when, by making objection at the time, the caution would undoubtedly be given by the court.

The objection comes too late when made after the verdict is given.

It is alleged that the defendant was prejudiced by this, but nothing appears to show that it was.    Counsel relied on questions put during the trial, but the court can see nothing

in that fact to show prejudice. It is also said that one of the jurors stopped and looked at the house for the repair of which the suit was brought. It did not appear by his statement that he connived with any one, or formed any opinion. He said simply, when the question of sending the jury down there was discussed, that he had stopped there and looked at it one morning, coming up to the court-house, and did not think he need go down if the rest of the jury were sent.

The court can not see misconduct in this to justify setting aside the verdict.

It is said the clerk corrected the form of the verdict without the consent of the jury. It seems the verdict as written was, " We, the jury in the issue, join *and* find," etc. The clerk entered it in the usual form, " We, the jury in the issue joined, find," etc. I can not see that the correction of this grammatical mistake prejudiced any one. The verdict as returned is intelligible enough, and *good.*

The third objection is, that the verdict is against the weight of the evidence. The rule is too well established to require more than mention that it must be so far against the weight of the evidence as to convince the court that the jury must have acted under mistake or prejudice. The court can not say that such was the case.

There was considerable conflict as to prices. The testimony for the plaintiff was of men who worked there at the time, and it would have indicated a higher sum than that which the jury found.

That for the defendant was of experts, formed by looking at the work after it was done. It appeared that in some cases they had not included all the work.

The question was left to the jury under instructions, to which no objections were made, or exceptions taken, and they have passed upon it, and in the opinion of the court the parties are bound by it.

The motion will therefore be overruled.